IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 20 2012

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

| | |
|---|---|
| BEVERLY J. BEARD, | § |
| Plaintiff, | § |
| VS. | § NO. 4:12-CV-652-A |
| BUREAU OF PRISONS, ET AL., | § |
| Defendant. | § |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the complaint filed September 17, 2012, by pro se plaintiff, Beverly J. Beard ("Beard"), against defendants,[1] Bureau of Prisons ("BOP"), Ms. Hunter ("Hunter"), William Pennagraft ("Pennagraft"), Lieutenant Edwards ("Edwards"), and Sick-Call Clinic ("Clinic"), pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 et seq. ("FTCA"). Having considered the complaint and the documents attached thereto, and applicable legal authorities, the court concludes that the complaint should be dismissed for the reasons discussed below.

---

[1] Plaintiff lists "Bureau of Prison, Etc." as defendant at the top of her complaint, but then lists "Bureau of Prisons, Ms. Hunter, William Pennagraft, Lt. Edwards, Sick-Call Clinic" as defendants on her civil cover sheet, which she attached to the complaint. Construing her complaint liberally, the court determines that plaintiff intends to sue all the defendants named above.

I.

Background

Plaintiff, who was formerly incarcerated at Federal Medical Center-Carswell and released in November 2011, alleges that in November 2009, she was improperly assigned to a top bunk because of her medical condition, and that she fell from her top bunk and injured her knee, or aggravated a pre-existing knee injury, as a result. She further alleges that the medical care she received following her injury was unsatisfactory, that she made "numerous visits to sick call," and that officials "are carelessly and openly negligent" regarding her medical care. Compl. at 4.

Plaintiff makes the following factual allegations:

Pennagraft and Hunter made the decision to transfer plaintiff to another unit, which involved assigning plaintiff to a top bunk. Plaintiff complained to Pennagraft, who told plaintiff to consult Hunter. Plaintiff next complained to Hunter and asked Hunter to reassign her to a bottom bunk. Hunter informed plaintiff that she would need to get a lower bunk pass. Plaintiff was unable to visit sick-call on that day, a Friday, and could not obtain the required pass. Plaintiff then states that Edwards was summoned by another prison officer, and Edwards did not allow her to take a bottom bunk. Three days later, plaintiff fell while attempting to get down from her top bunk.

2

She was seen that day in sick-call, was given medication, was instructed to apply ice and engage in certain exercises, and was relieved from her work assignment for eleven days. Plaintiff filed an administrative tort claim with BOP, and received a letter, mailed March 14, 2012, denying her claim. The letter explained that BOP's investigation revealed plaintiff did not have a lower bunk pass at the time she was assigned to a top bunk, that she was examined by staff after her fall, appropriately treated, was then issued the lower bunk pass, and was subsequently evaluated and given x-rays at her regularly scheduled doctor's appointment and other appointments and visits to sick-call.

II.

Analysis

A.  Legal Standards

Because plaintiff is proceeding in forma pauperis, her complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B). Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). Section 1915(e)(2)(B) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted.

A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325

3

(1989). In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (quotation and citation omitted). The court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

B.  Plaintiff's FTCA Claims

The court interprets plaintiff's claims as FTCA claims.[2] The FTCA authorizes civil actions for damages against the United

---

[2] Plaintiff has referred to her claims as negligence claims and has not asserted a civil rights claim; however, the court has considered the possibility that plaintiff intended to assert causes of action against Hunter, Pennagraft, and Edwards under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and determines that such actions would fail. Bivens authorizes a cause of action only against a federal agent in his or her individual capacity. Plaintiff fails to allege facts that could support deliberate indifference in violation of the Eighth Amendment. She does not allege that she was subject to a substantial risk of serious harm, or that the defendants (1) actually were aware of specific facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) deliberately failed to act. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Lawson v. Dallas Cnty., 286 F.3d 257, 262 (5th Cir. 2002). "Deliberate indifference is an extremely high standard to meet." Domino v. Tex. Dep't of Crim. Justice, 239 F.3d 752, 756 (5th Cir. 2001).

4

States for personal injury or death caused by a government employee's negligence when a private individual under the same circumstances would be liable under the substantive law of the state in which the negligence occurred. 28 U.S.C. § 1346(b); Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). However, before being able to reach the merits of plaintiff's FTCA claims, the court determines that plaintiff has not sued the proper defendant. Under the FTCA, only the United States of America, and not any governmental agency or employee, can be sued. See Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988). Therefore, the court is dismissing all claims under the FTCA against the named defendants, and substituting the United States of America for such defendants.

Even with the substitution of the United States as a defendant, plaintiff's FTCA claims would be barred by the applicable statute of limitations, 28 U.S.C. § 2401(b), which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

5

Plaintiff timely pursued administrative remedies, but failed to file her complaint within the six-month limit. Because the FTCA embodies a waiver of sovereign immunity, and under the doctrine of sovereign immunity the government's exposure to liability can be no greater than the government permits, the language of the statute must be strictly construed and adhered to. See Houston v. U.S. Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987); Carr v. Veterans Admin., 522 F.2d 1355, 1357 (5th Cir. 1975) (noting that the plain words of § 2401(b) "specify that an action must be begun within six months after the 'date of mailing,' and adherence to the statutory language is particularly necessary in a case such as this because the waiver of sovereign immunity . . . must be strictly construed"). Furthermore, "[l]imitations periods in statutes waiving sovereign immunity are jurisdictional, and a court . . . may not expand its jurisdiction beyond the limits established by Congress." Ramming v. United States, 281 F.3d 158, 165 (5th Cir. 2001).

The notice of denial of plaintiff's administrative claim was mailed March 14, 2012, which means plaintiff had until September 14, 2012 to file suit in the appropriate United States District Court. Plaintiff did not file her complaint until September 17,

6

2012.[3] Although the dates are close in time, the fact remains that plaintiff waited too long to file her complaint, and the plain language of the statute and doctrine of sovereign immunity require that her FTCA claims be dismissed.

### III.

### Order

Therefore,

The court ORDERS that the United States of America be, and is hereby, substituted as defendant for BOP, Hunter, Pennagraft, Edwards, and Sick-Call Clinic.

The court further ORDERS that all claims and causes of action asserted by plaintiff, Beverly J. Beard, against Bureau of Prisons, Ms. Hunter, William Pennagraft, Lieutenant Edwards, Sick-Call Clinic, and United States of America, be, and are hereby, dismissed with prejudice.

SIGNED December 20, 2012.

JOHN McBRYDE
United States District Judge

---

[3] Plaintiff is no longer incarcerated, nor was she incarcerated when she filed her complaint; therefore, the prison mailbox rule does not apply to her. See, e.g., Gross v. U.S. Dep't of Justice, No. 3:11-CV-2023-M-BH, 2012 WL 3020089, at *2 (N.D. Tex. May 31, 2012), adopted 2012 WL 3024748 (N.D. Tex. July 24, 2012). See also Houston v. Lack, 487 U.S. 266, 270-71 (1988) (discussing rationale for prison mailbox rule).